F. D. HAIGH v. BOARD OF COUNTY COMMISSIONERS IN AND FOR THE COUNTY OF BILLINGS AND STATE OF NORTH DAKOTA, and J. B. Stoddard, John Tester, W. H. Hanson, as Members of said Board of County Commissioners, and J. A. McGregor as County Auditor of Said Billings County, and J. E. Arnold as County Treasurer of Said Billings County.

(164 N. W. 146.)

**Title — cloud upon — action to remove — tax proceedings — facts stipulated — court — placing assessed values on land — not warranted in so doing — if different from those fixed by the boards.**

1. In an action to remove cloud from title occasioned by invalid tax proceedings, the plaintiff, who sues on behalf himself and all other real estate taxpayers in the township, asked that the court place upon each parcel of land in the taxing district a just and equitable tax. The facts are stipulated. Assuming the invalidity of the tax proceedings, the stipulations are held not to warrant the court in placing assessed values upon the lands, under § 2201, Compiled Laws of 1913, different from those which were passed by the township board of review and the county board of equalization.

**Complaint — prayer for relief — equalization of taxes asked — between townships — proof.**

2. Where, in a prayer for relief, plaintiff asks virtually an equalization of taxes between the various townships in a county, and where plaintiff confines his proof of inequality to a comparison between the taxing district involved and three contiguous districts,—he fails to present sufficient facts to justify the changing of valuations by the court, under § 2201, Compiled Laws of 1913.

Opinion filed. July 20, 1917.

Appeal from District Court of Stark County, *W. C. Crawford,* J.
Judgment for defendants.
Plaintiff appeals.
Affirmed.

*Jefferson & Jones* and *Casey & Burgeson,* for appellant.

The assessor did not view the land nor list or place a value thereon. The listing and placing of values were done by the county auditor before the books of the township in question came into his possession. There was no legal assessment of lands in such township, and the pretended assessment was void. 37 Cyc. 1009; Paldi v. Paldi, 84 Mich. 346, 47 N. W. 510; People v. Hastings, 29 Cal. 449; People v. San Francisco Sav. Union, 31 Cal. 132.

For assessment purposes the value of the property must be fixed by the proper assessing officer, and he cannot delegate such duty to another. People v. San Francisco Sav. Union, supra; State Finance Co. v. Mather, 15 N. D. 389, 109 N. W. 350, 11 Ann. Cas. 1112; Baker v. La Moure, 21 N. D. 140, 129 N. W. 464; Moran v. Thomas, 19 S. D. 469, 104 N. W. 212; Ferris v. Coover, 10 Cal. 632.

There were sufficient facts before the trial court to show the assessed valuation of the lands adjoining those in the township where the taxes are in question, to warrant the court in fixing a reasonable assessment upon the lands in said township. The lands in the adjoining townships had been assessed by the proper officer, and the presumption is that these officers had done their duty in accordance with the law. Comp. Laws 1913, subd. 15, § 7936; Pine Tree Lumber Co. v. Fargo, 12 N. D. 360, 96 N. W. 357; Fisher v. Betts, 12 N. D. 197, 96 N. W. 132.

Curative statutes do not apply to the jurisdictional defects in assessments of real property, and our courts also hold to this doctrine. State Finance Co. v. Bowdle, 16 N. D. 193, 112 N. W. 76; Grand Forks County v. Frederick, 16 N. D. 118, 125 Am. St. Rep. 621, 112 N. W. 839.

*J. K. Swihart* and *H. L. Halliday* (*R. F. Gallagher,* of counsel), for respondents.

The assessment of lands in the township mentioned, while irregular, was not void. An assessment is not invalid because the assessor did not view and inspect the lands to be assessed, if he had other sufficient knowledge of their value. 37 Cyc. 998.

Where the assessor makes his duly verified return of assessment of property, he is presumed to have had sufficient knowledge as to values for assessment purposes. Boorman v. Juneau County, 176 Wis. 550, 45 N. W. 675; Sawyer-Goodman Co. v. Crystal Falls Twp. 56 Mich. 597, 23 N. W. 334; 27 Cyc. 1069; Farrington v. New England Invest. Co. 1 N. D. 102, 45 N. W. 191.

"We cannot hold a mere failure of the assessor to value the lands from actual view invalidated the assessment." Farrington v. New England Invest. Co. supra.

"The presumption is that the tax is valid, and this presumption necessarily extends to every act upon which the tax in any measure depends. The court must be able, upon the evidence, to pronounce judgment against its validity." Shuttuck v. Smith, 6 N. D. 56, 69 N. W. 5.

The mere fact that in the first instance the valuation was placed upon the lands in this township by the county auditor does not make the tax void. An assessor may adopt the values as fixed by another. South Platte Land Co. v. Crete, 11 Neb. 344, 7 N. W. 859; Farrington v. New England Invest. Co. 1 N. D. 102, 45 N. W. 193; Wells County v. McHenry, 7 N. D. 246, 74 N. W. 241.

The burden was upon the plaintiff to show affirmatively that the assessor did not adopt the values placed on the lands by the county auditor. Farrington v. New England Invest. Co. 1 N. D. 102, 45 N. W. 193; Shuttuck v. Smith, supra.

"The presumption is that public officers do as the law and their

duty require them." Pine Tree Lumber Co. v. Fargo, 12 N. D. 360, 96 N. W. 357; Fisher v. Betts, 12 N. D. 197, 96 N. W. 132.

Only the board of review of the township could change the assessed valuation of individual property. First Nat. Bank v. Lewis, 18 N. D. 390, 121 N. W. 836.

The legislature can pass curative acts that will validate defects which make the levy or assessment void. Shuttuck v. Smith, supra; Richman v. Muscatine County, 77 Iowa, 513, 4 L.R.A. 445, 14 Am. St. Rep. 308, 42 N. W. 422; Single v. Marathon County, 38 Wis. 363; Iowa Railroad Land Co. v. Soper, 39 Iowa, 112; Clester v. Black, 132 Pa. 568, 6 L.R.A. 802, 19 Atl. 276; Grim v. Weissenberg School Dist. 57 Pa. 433, 98 Am. Dec. 237; Donley v. Pittsburg, 147 Pa. 348, 30 Am. St. Rep. 738, 23 Atl. 394; Kunkle v. Franklin, 13 Minn. 127, Gil. 119, 97 Am. Dec. 226; Fisk v. Kenosha, 26 Wis. 33; Boardman v. Beckwith, 18 Iowa, 292.

"The presumption is that the values as returned by the assessor were correct." Shuttuck v. Smith, 6 N. D. 56, 69 N. W. 5.

The court must be able, upon the evidence, to pronounce judgment against the validity of a tax, and in such cases equitable rules prevail. 37 Cyc. 1134, 1135, 1137; Wells County v. McHenry, 7 N. D. 246, 74 N. W. 241; People ex rel. Bishop v. Feitner, 116 App. Div. 452, 101 N. Y. Supp. 1021; People ex rel. Queens Borough Gas & E. Co. v. Woodbury, 67 Misc. 481, 123 N. Y. Supp. 592; State ex rel. Spokane & I. E. R. Co. v. State Board, 75 Wash. 90, 134 Pac. 695.

A reassessment can only be made where it clearly appears that the original assessment, either as a whole, or as to individuals, was void, for illegality, error, or irregularity. Such is the general rule. 37 Cyc. 119, 1019, 1104.

BIRDZELL, J. This is an appeal from a judgment entered in the district court of Billings county in an action to enjoin the collection of certain real estate taxes, levied in the year 1911, against the real estate of the plaintiff, and to remove the cloud incident to the purported lien resulting from alleged invalid tax proceedings. The action was started more than five years ago, and involves questions of importance in connection with the administration of the revenue affairs of the county. Though the facts are simple and are stipulated, the case has

dragged along until it has finally reached this tribunal for ultimate determination.

The complaint attacks the assessment in the taxing district of Lone Tree township, in which the plaintiff's land is situated, on the ground that the assessor failed to make an assessment as required by law. It is alleged that the assessor did not, at any time in the year 1911, place a valuation upon any piece or parcel of real estate located within the taxing district; that the assessor did not view any piece or parcel of land for the purpose of placing an assessed value thereon; that the values set opposite each description of real estate in the township in question in the assessment lists were placed there by the county auditor before the lists were delivered to the assessor, and that the township board of review did not, in any manner, equalize the purported assessment; that the purported assessment is excessive as compared with the assessment of other real property, in that the real property in Lone Tree township is assessed from 60 per cent to 75 per cent higher than other real property similarly situated in neighboring townships of the county. The remaining allegations of the complaint merely set forth the lien resulting from the purported taxes, and the complaint, after setting forth a tender of 40 per cent of the taxes, concludes with a prayer for relief, asking that the cloud on the title, occasioned by the purported assessment of taxes, be removed, and defendants be enjoined and restrained from collecting such taxes, and that the court place upon each parcel of land in the taxing district a just and equitable tax.

The stipulated facts support the foregoing allegations of the complaint. Among other things it is stipulated that the township in question is 12 miles in length; that the west border abuts on the state of Montana; that the townships immediately touching Lone Tree township on the north, east, and south are made up of lands similar in quality and cultivation to those in Lone Tree township; and that the average assessed valuation in 1911 was only about one half of the assessed value of Lone Tree township in the year 1911. In Bullion township, which borders Lone Tree township on the east, the taxes on land averaged $9.50 per section, while in Lone Tree township the taxes were $28.49 per section. It is also stipulated that the assessed

37 N. D.—32.

valuation of Lone Tree township and the adjoining townships used for purposes of comparison are as follows:

| | | | | |
|---|---|---|---|---|
| Lone Tree township .................................. | $6.33 | per | quarter | section. |
| Bullion township ..................................... | 3.20 | " | " | " |
| Bull Run township ................................... | 2.08 | " | " | " |
| Beach township (which includes the city of Beach) .... | 6.33 | " | " | " |

The court found the facts in accordance with the stipulations, but in the conclusions of law determined that there was not sufficient evidence of value before the court to enable it to place any different valuations upon the land. According to this conclusion, the court denied the relief sought, and entered judgment, decreeing that the assessment of the township in the year 1911 (the year in question) was inequitable, but that, since the court was without sufficient facts to change this assessment, the plaintiff should be required to pay taxes according to the assessment placed against his land in the manner hereinbefore set forth.

There is no question arising upon the record requiring extended discussion. The trial court was clearly right in determining that there was not sufficient evidence of value before the court to enable it to place any different valuation on the land from that placed there by the county auditor before turning the books over to the assessor. It does affirmatively appear that both the township board of review and the county board of equalization met as required by law. To ask, under § 2201, Comp. Laws 1913, that the trial court or this court place different values on the land than those which were passed by the township board of review, and the county board of equalization is to ask the court to indulge in a presumption that the officers in question wholly disregarded their duties under their oaths of office. The only proof that the land in the township in question has been unequally assessed, compared with the remaining townships in the county, is the stipulation with reference to the values in the immediately adjoining townships. From such inequality as there may be in the assessments between Lone Tree township and the three bordering townships, we cannot presume that the same or any inequality exists as between Lone Tree township and the remainder of the county. The

stipulated facts do not go far enough to enable the court to so change the assessment as to approximate justice with any degree of assurance. For these reasons the relief prayed for must be withheld.

The judgment of the trial court is affirmed.

ROBINSON, J. (dissenting).  The plaintiff brings this action on behalf of himself and all other taxpayers of Lone Tree township to abate or cancel the taxes levied in said township for the year 1911. The grounds are that in 1911 there was no assessment of the land for taxation, and that in truth the tax levies were based on a pretended assessment, which was twice that of similar lands in the adjoining townships.  The trial court denied the plaintiffs any relief, on the ground that the stipulations and evidence showed only the comparative value of the lands in question, and not the market value of the same. But the courts must take notice of the facts which are generally known, —that all assessments are based on comparative values, representing only a small part of the market values.

The written stipulation shows that in 1911 there was no assessment of the land in Lone Tree township, but against a description of the several tracts of land on the assessment list there was marked a valuation which was twice as much as the valuation extended against similar lands in the adjoining townships.  Hence, the assessment is void, and under the stipulations the court must fix a new rate or remand the case for additional testimony on the comparative values of the assessments.  And it seems better for all parties that this court should end the litigation by fixing some rate in accordance with the stipulations, and such a rate is 50 per cent of the value extended against the land in Lone Tree township.

Wherefore, the judgment of the district court is reversed, and it is directed to enter a judgment that all valuations and taxes extended on the tax lists against land in Lone Tree township be reduced 50 per cent, and that all the taxes charged against any tract of land in said township for the year 1911 be canceled and discharged upon payment of 50 per cent of the same, with interest at 6 per cent a year from the date when such taxes become delinquent.